(Post 11/2015)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
__Central__ DIVISION

**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JUL 1 4 2020

JAMES W. McCORMACK, CLERK
By:_____ 
DEP CLERK

Karl Harris

(Name of plaintiff or plaintiffs)

v.

Sage V Foods

(Name of defendant or defendants)

CIVIL ACTION NO. 4:20-cv-832-KGB
(case number to be supplied by the assignment clerk)

This case assigned to District Judge __Baker__
and to Magistrate Judge __Harris__

### COMPLAINT UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

1. This action is brought pursuant to Title VII of the Civil Rights Act of 1964 for employment discrimination. Jurisdiction is specifically conferred on the Court by 42 U.S.C. §2000e-5. Equitable and other relief are also sought under 42 U.S.C. §2000e-5(g).

2. Plaintiff, __Karl Harris__, is a
(name of plaintiff)
citizen of the United States and resides at __2 Windsor Dr. Apt. 63__,
(street address)
__Maumelle__, _____, __AR.__, __72113__,
(city)            (county)          (state)         (ZIP)
__501-416-4675__.
(telephone)

3. Defendant, __Sage V__, lives at, or its
(name of defendant)
business is located at __5907 Sloan Dr.__, __Little Rock__,
(street address)                    (city)
__Pulaski__, __AR.__, __72206__.
(county)   (state)    (ZIP)

4. Plaintiff sought employment from the defendant or was employed by the

defendant at <u>5901 Sloan DR</u>, <u>LR</u>,
              (street address)                       (city)

<u>Pulaski</u>, <u>AR</u>, <u>72206</u>.
(county)       (state)       (ZIP)

5. Defendant discriminated against plaintiff in the manner indicated in paragraphs 9 and 10 of the complaint on or about <u>9</u> <u>13</u> <u>20~~19~~ (KH)</u>.
                                  (month)     (day)       (year)

6. Plaintiff filed charges against the defendant with the Equal Employment Opportunity Commission charging defendant with the acts of discrimination indicated in paragraphs 9 and 10 of this complaint on or about <u>Jun</u> <u>28</u> <u>2020</u>.
                        (month)   (day)   (year)

7. The Equal Employment Opportunity Commission issued a Notice of Right to Sue which was received by plaintiff on <u>4</u> <u>14</u> <u>2020</u>, a copy of which notice is attached to this complaint.
                              (month)   (day)   (year)

8. Because of plaintiff's (1) <u>X</u> race, (2) <u>X</u> color, (3)_____ sex, (4) _____ religion, (5) _____ national origin, defendant:

    (a) _____ failed to employ plaintiff.

    (b) _____ terminated plaintiff's employment.

    (c) <u>X</u> failed to promote plaintiff.

    (d) _____

_____
_____
_____
_____

9. The circumstances under which the defendant discriminated against plaintiff were

They gave a white employe the Supervisor Job over me. when I have been employed with

as follows: the company over 3 years and the white employe only worked there 9 mths. And the manger, to me felt like he was bullying me with his power. Another manger told me as long as he is Manger, My black ass will not make Supervisor, receive any time for Breavments, or Sick Time if filled.

10. The acts set forth in paragraph 9 of this complaint:

(a) _____ are still being committed by defendant.

(b) _____ are no longer being committed by defendant.

(c) __X__ may still be being committed by defendant.

11. Plaintiff attaches to this complaint a copy of the charges filed with the Equal Employment Opportunity Commission which charges are submitted as a brief statement of the facts supporting this complaint.

WHEREFORE, plaintiff prays that the Court grant the following relief to the plaintiff:

(a) _____ Defendant be directed to employ plaintiff, and

(b) _____ Defendant be directed to re-employ plaintiff, and

(c) _____ Defendant be directed to promote plaintiff, and

(d) __X__ Defendant be directed to __Pay__

and that the Court grant such relief as may be appropriate, including injunctive orders, damages, costs and attorney's fees.

_____
Karl Harris
SIGNATURE OF PLAINTIFF



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Little Rock Area Office**

820 Louisiana St., Suite 200
Little Rock, AR 72201
Intake Information Group: (800) 669-4000
Intake Information Group TTY: (800) 669-6820
FAX (501) 324-5991
Website: www.eeoc.gov

Karl Harris
6805 Woodson Road
Little Rock, AR 72209

Re:   Karl Harris vs. Sage V Foods
      EEOC Charge No.: 493-2020-00637

Dear Mr. Harris:

The purpose of this letter is to advise you of the evidence obtained in the investigation of your charge of discrimination. On April 14, 2020, a copy of the Respondent's position statement was sent to you through the US Mail. You provided a response to the position statement via US Mail. All evidence collected during the investigation was thoroughly reviewed. The investigation revealed the following facts:

You alleged you were subjected to different terms and conditions of employment, in that the manager creates a hostile work environment with the way he speaks with you, and gave you half points for illness related absences, and that you have complained about this to human resources, and that you were denied a promotion to a Supervisor position because of your race, Black, and that other Black employees are denied promotions, in violation of Title VII of the Civil Rights Act of 1964, as amended.

With regards to your allegation of different terms and conditions of employment, the evidence gathered indicates that you have spoken with human resources about attendance and unexplained absences, and that you were given two ½ points in December 2019 because your sick time requests were not approved. You admitted that you were aware they would not be approved and you would take the points. You alleged that the managers say negative things about you and that if you work overtime you have to work in the freezer and you are called constantly on the walkie talkie. Managers speaking negatively, even shouting and cursing, does not rise to the level of unlawful behavior under Title VII. Supervisors and managers can give an employee instruction, correction, and change the process of work. If an employee refuses to listen or accept instruction or walks away, that can constitute insubordination. The evidence gathered revealed that you received seven disciplinary actions in 2019 for a variety of reasons: substandard work, parked in a handicap spot, leaving early, tardy, not clocking out for lunch and taking unapproved sick time.

With regards to your allegation that you were denied a promotion and that black employees are not promoted, additional information was gathered from the respondent to address these allegations. A review of those who applied for the supervisor position that you applied for, shows that there were 4 black employees, one Hispanic employee, and one white employee who applied for the position. The Hispanic employee withdrew his application after he learned the position would require him to work nights. 2 of the 4 black applicants who applied were interviewed: Leroy Flowers had good attendance but has difficulty delegating and interviewed poorly; Lovell Crump had good attendance but was not ready for a supervisor position and is receiving additional training to become a lead. The other black applicant, Melvin Jones, was not interviewed due to performance issues. You were not selected for an interview due to your performance and attendance issues, and disciplinary history. The applicant who received the position, who is white, had no performance or attendance issues.

You sent in a lengthy response to the position statement that I reviewed. It is not sufficient evidence to show that you were denied a promotion and subjected to different terms and conditions of employment because of your race.

Based upon the evidence gathered, EEOC is unable to conclude that there was a violation under the laws enforced by EEOC. If you have additional documentation which will refute the above evidence, that you have not already submitted, it must be provided in writing via email ONLY to matilda.louvring@eeoc.gov within 10 days of the date of this letter. Combine the additional evidence into as few emails as possible. Any photographic or text message documentation will need to be combined in Adobe .pdf files and not emailed as individual screenshots. Otherwise, you will be notified of the Director's determination in this matter by mail. The Director's determination will conclude the processing of this charge by EEOC, but you will have the right to pursue the matter by filing in Federal District Court. If you decide to sue, you must do so within 90 days from your receipt of the Dismissal and Notice of Rights; otherwise, your right to sue is lost. If this charge is dismissed there will be a delay in the right to sue document being issued due to issues related to the COVID-19 outbreak.

Sincerely,

*Matilda Louvring* (signature)                May 14, 2020

Matilda Louvring                              Date
Investigator