**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**KARL HARRIS**                                                                      **PLAINTIFF**

**v.**                                      **Case No. 4:20-cv-00832-KGB**

**SAGE V FOODS**                                                                **DEFENDANT**

<u>**ORDER**</u>

Before the Court is plaintiff Karl Harris's motion for appointment of counsel (Dkt. No. 22).
Defendant Sage V Foods ("Sage V") has responded in opposition to the motion for appointment
of counsel (Dkt. No. 23).  Also before the Court is Sage V's second motion to dismiss and answer
to the complaint (Dkt. Nos. 25; 27).  Mr. Harris has responded to the motion to dismiss and answer
(Dkt. No. 28).  Mr. Harris has also filed a motion of discovery and Court assistance, to which Sage
V has responded (Dkt. Nos. 30; 31).  For the reasons that follow, the Court denies as moot Mr.
Harris's motion for appointment of counsel; the Court denies Sage V's second motion to dismiss;
and the Court denies Mr. Harris's motion of discovery and Court assistance (Dkt. Nos. 22; 25; 30).

**I.      Background**

On July 14, 2020, Mr. Harris filed his *pro se* complaint under Title VII of the Civil Rights
Act of 1964 (Dkt. No. 2, at 1).  In his complaint, Mr. Harris alleges that Sage V discriminated
against him on or about September 13, 2019, and that he filed a Charge of discrimination against
Sage V with the Equal Employment Opportunity Commission ("EEOC") on January 28, 2020 (*Id*.,
¶¶ 5, 6).  Mr. Harris states in his complaint that the EEOC "issued a Notice of Right to Sue" which
he received on April 14, 2020 (*Id*., ¶ 7).

Mr. Harris claims that Sage V failed to promote him because of his race and color and that
Sage V gave the "supervisor job" to a "white employee" even though he had worked at Sage V for

three years and the "white employee only worked there 9 [months]." (*Id.*, ¶¶ 8, 9).  He complains that "[a]nother manager told me as long as he is Manager, my black ass will not make Supervisor, receive any time for [bereavement], or sick time if filled." (*Id.*, ¶ 9).  Mr. Harris attaches to his complaint a letter he received from the EEOC dated May 14, 2020, advising him "of the evidence obtained in the investigation of your charge of discrimination" and stating that "[o]n April 14, 2020, a copy of Respondent's position statement was sent to you through the US Mail." (*Id.*, at 5). The letter concludes that, based upon the evidence gathered, the "EEOC is unable to conclude that there was a violation under the laws enforced by the EEOC." (*Id.*).  The letter advised Mr. Harris that if he decides to sue, he "must do so within 90 days from your receipt of the Dismissal and Notice of Rights; otherwise, your right to sue is lost." (*Id.*).

Along with his complaint, Mr. Harris filed a *pro se* motion to proceed *in forma pauperis* (Dkt. No. 1).  The Clerk of the Court granted provisionally the motion (Dkt. No. 3).  In an Order entered on October 13, 2020, the Court considered and denied Mr. Harris's motion for leave to proceed *in forma pauperis* without prejudice because it appeared from the initial motion that Mr. Harris had the ability to pay the filing fee without suffering an undue financial hardship (Dkt. No. 6, at 1).  The Court gave Mr. Harris 30 days, however, to pay the filing fee in full or to file an amended application to proceed *in forma pauperis* (*Id.*, at 2).

On November 18, 2020, after the Court received a *pro se* letter with supplements to his motion for leave to proceed *in forma pauperis*, the Court granted Mr. Harris's motion to proceed *in forma pauperis* as supplemented (Dkt. No. 8).  In the same Order, the Court screened Mr. Harris's complaint, as required by 28 U.S.C. § 1915(e)(2), and the Court ordered service of the complaint and the two addendums to the complaint, along with a summons, to be served on the defendant by the United States Marshals Service without prepayment of fees or costs or security

(*Id*., at 2).  The United States Marshals Service filed a process receipt and return with the Court indicating Sage V was served the summons, complaint, and addendums *via* certified mail on November 23, 2020 (Dkt. No. 9).

Sage V responded to the complaint by filing a motion to dismiss (Dkt. No. 10).  In its first motion to dismiss, Sage V maintained that Mr. Harris's complaint should be dismissed pursuant to Federal Rules of Civil Procedure 4(h), 4(m), and 12(b)(6) (Dkt. No. 10, at 1).  In an Order dated June 10, 2021, the Court denied Sage V's first motion to dismiss and directed the United States Marshal to serve Sage V "by certified mail with a return receipt requested and delivery restricted to its registered agent, Sharia Davis, 5901 Sloane Drive, Little Rock, Arkansas 72206." (Dkt. No. 19, at 17).  The Court extended the time for service 60 days, until August 9, 2021 (*Id*.).

On June 27, 2021, a return of service was filed showing that service was completed on July 17, 2021.  However, the United States Postal Service Return Receipt indicates that service was addressed to Sage V in care of Sharia Davis but was not restricted delivery and was not signed for by Sharia Davis (Dkt. No. 24).  The United States Postal Service receipt was signed for by "Sage Food." (*Id*., at 2)

## II.    Motion To Appoint Counsel

Before the Court is Mr. Harris's motion for appointment of counsel filed July 12, 2021 (Dkt. No. 22).  On January 21, 2022, Chris W. Burks entered an appearance on behalf of Mr. Harris (Dkt. No. 32).  Accordingly, the Court denies as moot Mr. Harris's motion for appointment of counsel (*Id*.).

III.    **Second Motion To Dismiss**

Also before the Court is Sage V's second motion to dismiss (Dkt. No. 25).  In addition to filing a second motion to dismiss, Sage V also filed an answer to the complaint (Dkt. No. 27).  Mr. Harris has responded to the motion to dismiss and answer (Dkt. No. 28).

A.    **Legal Standard**

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (citing *Twombly*, 550 U.S. at 556).  "While a complaint attacked by a [Federal] Rule [of Civil Procedure] 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555 (alteration in original) (citations omitted).  "[T]he complaint must contain facts which state a claim as a matter of law and must not be conclusory."  *Briehl v. Gen. Motors Corp.*, 172 F.3d 623, 627 (8th Cir. 1999).

"When ruling on a motion to dismiss, the district court must accept the allegations contained in the complaint as true and all reasonable inferences from the complaint must be drawn in favor of the nonmoving party."  *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001).  The Court may, however, "consider the pleadings themselves, materials embraced by the pleadings, exhibits attached to the pleadings, and matters of public record."  *Roe v. Nebraska*, 861 F.3d 785, 788 (8th Cir. 2017).  A reviewing court "may consider these materials without converting

the defendant's request to a motion for summary judgment." *Roe*, 861 F.3d at 788 (citations and quotation marks omitted); *see Lustgraaf v. Behrens*, 619 F.3d 867, 885–86 (8th Cir. 2010) ("[W]hen considering a motion to dismiss . . . , [a court] may take judicial notice (for the purpose of determining what statements the documents contain and not to prove the truth of the documents' contents) of relevant public documents[.]" (alterations in original) (emphasis omitted)).

### B.   Analysis

Sage V argues that Mr. Harris failed to serve it by August 9, 2020, the extended time period provided in the Court's June 10, 2021, Order as prescribed by Federal Rule of Civil Procedure 4(m) (Dkt. No. 26, at 5).  Under Rule 4(m), a court "must dismiss [an] action without prejudice against the defendant or order that service be made within a specified time" if the defendant was not "served within 90 days after the complaint is filed."  Fed. R. Civ. P. 4(m).  However, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."  *Id.*

After a court grants *in forma pauperis* status and after it determines that the complaint is not frivolous or malicious, then the court must "issue and serve all process and perform all duties" in the case.  28 U.S.C. § 1915(d); *see also* Fed. R. Civ. P. 4(c)(3).  Here, the Court screened Mr. Harris's complaint, as required by 28 U.S.C. § 1915(e)(2), and ordered service of the complaint and the two addendums to the complaint, along with a summons, to be served on Sage V by the United States Marshals Service without prepayment of fees or costs or security (Dkt. Nos. 8, at 2; 19, at 17).  The United States Marshals Service filed a process receipt and return with the Court indicating Sage V was served the summons, complaint, and addendums *via* certified mail on November 23, 2020 (Dkt. No. 9).  Sage V responded to the complaint by filing a motion to dismiss (Dkt. No. 10).  In an Order dated June 10, 2021, the Court denied the motion to dismiss and directed

the United States Marshal to serve Sage V "by certified mail with a return receipt requested and delivery restricted to its registered agent, Sharia Davis, 5901 Sloane Drive, Little Rock, Arkansas 72206." (Dkt. No. 19, at 17). The Court extended the time for service 60 days, until August 9, 2021 (*Id*.).

On June 27, 2021, the United States Marshals Service filed a process receipt and return showing that service was completed on July 17, 2021, however, the United States Postal Service Return Receipt indicates that service was addressed to Sage V in care of Sharia Davis but was not restricted delivery and was not signed for by Sharia Davis (Dkt. No. 24). The United States Postal Service receipt was signed for by "Sage Food." (*Id*., at 2). Because the United States Marshal served improperly Sage V within the time permitted by the Court's Order, the Court determines that there is good cause again to expand the time for service under Rule 4(m). The Court denies Sage V's second motion to dismiss Mr. Harris's complaint under Rule 4(m).

Mr. Harris is now represented by counsel (Dkt. No. 32). The Court orders the Clerk to issue a new summons and mail it to plaintiff's counsel for service upon Sage V. The Court expands the time for service for an additional 60 days from the date of this Order for Mr. Harris to complete service on Sage V.

Sage V also argues that the Court should dismiss the case due to insufficient service of process under Federal Rules of Civil Procedure 12(b)(5) (Dkt. No. 25, ¶ 10). Sage V complains that the complaint and summons were mailed with the United States Postal Service with a return of service that shows that service was addressed to Sage V, care of Sharia Davis, as directed by the Court but service was not restricted delivery, and the return was not signed for by Sharia Davis (*Id*., ¶ 7). Sage V complains that the service was signed for by "Sage Food" and that the printed name of the person who received service is "indecipherable." (*Id*., ¶ 8). Sage V contends that its

agent for service, Sharia Davis, did not "receive or sign for the service mailed by the United States Marshal, and she was not made aware of the certified mailing until after the Return of Service was filed on July 27, 2021." (Dkt. No. 25, ¶ 9). Sage V argues that, on this ground, service was insufficient under Federal Rule of Civil Procedure 12(b)(5).

Because Mr. Harris is proceeding *in forma pauperis*, the Court directed the Clerk's office to prepare the summons in this matter and ordered the United States Marshal to serve the defendant in accordance with Rule 4(c)(3) of the Federal Rule of Civil Procedure (Dkt. No. 19). On June 27, 2021, the United States Marshals Service filed a process receipt and return showing that summons, complaint, and addendums were sent through the United States Postal Service, certified mail addressed to Sage V Foods LLC, c/o Sharia Davis, 5901 Sloane Drive, Little Rock, Arkansas, 72206, but the mailing was not sent restricted delivery (Dkt. No. 24). The return receipt was not signed by Sharia Davis, Sage V's agent for service (*Id.*, at 2).

The Court finds that Sage V was not served properly as required by Rule 4 of the Federal Rules of Civil Procedure, but it denies Sage V's motion to dismiss on this ground. The Court directs counsel for plaintiff to serve defendant Sage V with the summons, complaint, and the two addendums to the complaint. The Court extends the time for service an additional 60 days from the date of this Order to allow counsel to complete service. *See* Fed. R. Civ. P. 4(m).

## IV.    Motion Of Discovery And Court Assistance

Also pending before the Court is Mr. Harris's motion of discovery and Court assistance (Dkt. No. 30). Mr. Harris's motion is denied. After Sage V has been served properly, Mr. Harris's counsel may conduct discovery as permitted by the Federal Rules of Civil Procedure.

### V.      Conclusion

For the above reasons, the Court denies as moot Mr. Harris's motion to appoint counsel (Dkt. No. 22).  The Court denies Sage V's second motion to dismiss (Dkt. No. 25).  The Court denies Mr. Harris's motion of discovery and Court assistance (Dkt. No. 30).

It is so ordered, this 25th day of February, 2022.

Kristine G. Baker
United States District Judge